[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16404

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 8, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00710 CV-ORL-22KRS

GATEWAY INVESTORS, LLC,
a Florida limited liability company,

                                                Plaintiff-Appellant,

versus

INNOVEST CAPPITAL, INC., a
Delaware corporation, GATEWAY
CONDOMINIUMS, INC., a Delaware
corporation, et al.,

                                                Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 8, 2010)

Before DUBINA, Chief Judge, ANDERSON, Circuit Judges, and COAR,* District
Judge.

_____
*Honorable David H. Coar, United States District Judge for the Northern District of Illinois,
sitting by designation.

PER CURIAM:

After oral argument and careful consideration, we have concluded that the judgment of the district court is due to be affirmed. Plaintiff's principal argument on appeal is that the district court erred in concluding that the Agreement between the parties was unambiguous. Plaintiff argued in the district court, and argues on appeal, that the Business Plan attached to the Agreement as Exhibit D established a two-year duration for the venture. Plaintiff argues that that is inconsistent with other provisions of the Agreement which clearly contemplate a more indefinite duration for the venture. Thus, plaintiff argues that the Agreement is ambiguous, calling for extrinsic evidence, and therefore that the district court erred in dismissing plaintiff's complaint with prejudice. As a matter of Florida law, we conclude that plaintiff's interpretation is unreasonable. We agree with the district court that the Agreement is unambiguous, and that there is no reasonable interpretation of the Agreement to the effect that the Agreement had a definitive two-year duration.

While it is true that the Business Plan attached to the Agreement as Exhibit D seems to contemplate that all seventy three of the contemplated condominium units would be sold within a two-year period, there is nothing in Exhibit D suggesting that the Agreement would terminate, or would be terminable, if that

2

hoped for goal were not met.  Quite the contrary, the reasonable indications in Exhibit D itself indicate that two years is merely the projected goals for selling all 73 units.  Exhibit D itself refers merely to "sales projections."  Moreover, §5.06 of the Agreement describes the attached Exhibit D merely as the "initial business plan."   That section of the Agreement also refers to Exhibit D, and any subsequent business plan, merely as a "projected financial model," and refers to details thereof as "estimates" and "projected dates."

Not only is there no reasonable interpretation of Exhibit D as providing for a definitive two-year duration, after which the venture must be liquidated, other provisions of the Agreement make it absolutely clear that the parties did not intend such a definitive duration limitation for the venture.   Quite the contrary of a definitive two-year limit for the venture, §1.05 of the Agreement expressly provides that the "term of the Company ... shall continue until the winding up and liquidation of the Company and its business following a Liquidating Event as provided in Article XII."  Similarly, §12.01(d) expressly provides that "the Company shall not dissolve prior to the occurrence of a Liquidating Event."   The "Liquidating Events" are expressly set out in §12.01(a), (b) and (c).  None of these "Liquidating Events" include the failure to sell all 73 condominium units within a two-year period, or within any other specified time period.   Rather, the

3

"Liquidating Events" are: (a) the sale or disposition of substantially all of the assets; (b) the unanimous vote of the members to dissolve or liquidate; and (c) the happening of any other event that makes it unlawful or impossible or impractical to carry on the business of the Company. Plaintiff's argument is that the initial Business Plan was contemplated to extend over two years, that said two years has expired, leaving no current Business Plan, thus making it impractical to carry on the business. However, plaintiff's argument is flawed, and its interpretation is unreasonable, because §5.06(a) of the Agreement expressly provides: "Until a revised business plan is approved, the then current Business Plan shall continue to constitute the Business Plan." Thus, contrary to plaintiff's argument, there is a current Business Plan, thus eliminating plaintiff's sole reason for suggesting that it is impractical to continue the business.

We also reject plaintiff's challenge to the district court's dismissal of plaintiff's several breach of fiduciary duty claims. We agree with the district court that these claims are barred by Florida's economic loss rule. We also agree with the district court that plaintiff's conspiracy count is without merit. Plaintiff claimed that the several defendants conspired to breach a fiduciary duty. Because the underlying breach of fiduciary duty claims are non-actionable, there can be no conspiracy with respect thereto. Finally, we cannot conclude that the district court

4

abused its discretion in dismissing plaintiff's complaint with prejudice. Not only has plaintiff been given three attempts already, it is abundantly clear that any additional attempts to amend would be futile.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.